IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON



**CONNIE McCLURE,**

        Plaintiff,

        v.

**U.S. BANK,** *et al,*

        Defendants.

Civ. No. 6:16-cv-01516-MC

**OPINION AND ORDER**

MCSHANE, Judge:

For the reasons set forth below, Defendants' Motion for Summary Judgment [#24] is **GRANTED** and this action is **DISMISSED** with prejudice. Defendant NWTS's Motion for Summary Judgment [#25] (joining in US Bank's Motion for Summary Judgment) is also **GRANTED** for the same reasons.

ORDER

# PROCEDURAL & FACTUAL BACKGROUND

Plaintiff Connie McClure originally filed this action against defendants US Bank and Northwest Trustee Services, Inc. ("NWTS") in Deschutes County Circuit Court on 7/18/2016. (*See* Deschutes County Circuit Court case No. 16-CV-22680). On 7/26/16, the defendants removed the case to federal court pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441 because there is complete diversity of citizenship between the plaintiff and the defendants, and the amount in controversy, exclusive of interests and costs, exceeds $75,000.

On 9/13/16, defendant US Bank filed the Motion for Summary Judgment [#24] that is now before this Court. On the same day, defendant NWTS filed their own Motion for Summary Judgment [#25], joining in US Bank's Motion for Summary Judgment. Oral arguments were heard on 11/15/16 [#35].

Plaintiff's claims against defendants US Bank and NWTS are for declaratory and injunctive relief for the alleged wrongful foreclosure of her home located in Deschutes County, Oregon. The plaintiff alleges multiple procedural errors by the defendants during the foreclosure process and claims that the defendants' ability to foreclose expired under the 6-year statute of limitations found in ORS 12.080. [#1 and #26 at pp.9-25]. The defendants claim that ORS 88.110 is the controlling statute, which has a 10 year statute of limitations and therefore allows the foreclosure. [#24 at pp. 6-10].

The following facts are undisputed: On November 29, 2006 Plaintiff executed and delivered a note in the amount of $200,000 to First Franklin, a division of National City Bank, to purchase a home in Bend, Oregon. [#1-2 at p.2]. The Note was endorsed from First Franklin to First Franklin Financial Corporation, and then endorsed in blank by First Franklin Financial Corporation. [#16-1]. The Note was secured by a Trust Deed which was recorded in Deschutes

ORDER

County, Oregon [#16-2], and then was subsequently assigned to the Trust, with the assignment also recorded in Deschutes County. [*Id* and #10-1]. Plaintiff made payments on the Note until February 2009. [#24 at p.4]. On 8/19/2014, SPS, on behalf of the Trust, executed an Appointment of Successor Trustee, naming NWTS the successor trustee under the Trust Deed. [#16-5]. On 3/29/2016, NWTS (the trustee) recorded a Notice of Default and Election to Sell [#28 at p.32], but they have been enjoined from proceeding with the sale [#23].

## STANDARD OF REVIEW

The court must grant summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue of fact is genuine "if the evidence is such that a reasonably jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air., Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court views the evidence in the light most favorable to the non-moving party. *Allen v. City of Los Angeles*, 66 F.3d 1052, 1056 (9th Cir. 1995) (citing *Jesinger v. Nevada Federal Credit Union,* 24 F.3d 1127, 1130 (9th Cir. 1994)). On a motion for summary judgment, "the moving party bears the initial burden to show the absence of a material and triable issue of fact; the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense." *Richards v. Neilsen Freight Lines*, 810 F.2d 898, 902 (9th Cir. 1987). If the moving party shows that there are no genuine issues of material fact, the nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *see* Fed. R. Civ. P (56)(c). Where the non-moving party bears the burden of an issue at trial and the motion challenges that issue, the non-moving party must set

ORDER

forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2); *Crane v. Allen*, No. 3:09-cv-1303-HZ, 2012 WL 602432, at *2 (D. Or. Feb. 22, 2012).

Though all inferences should be drawn in favor of the non-moving party, the mere existence of *some* alleged factual dispute will not defeat an otherwise properly supported motion for summary judgment. *Anderson*, 477 U.S. at 247-48. Rather, the non-moving party must proffer evidence that could reasonably affect the outcome of the suit. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006). The substantive law determines whether a disputed fact is material. *Richards*, 810 F.2d at 902.

# DISCUSSION

As an initial matter, in the plaintiff's 1st and 2nd claims for relief, she asserts that the non-judicial foreclosure sale of her home was invalid because the foreclosure trustee was not properly appointed to conduct the sale. As discussed on the record during oral arguments [#35], the facts establish that the Trust's agent properly appointed NWTS as the successor trustee pursuant to a recorded Limited Power of Attorney granting NWTS trustee authority [#24 at pp.5-6; #16-3], and the documents prove that the Trustee holds the right to enforce both the Note and Trust Deed. [#16-1 to 16-5].

Specifically, as the Note was endorsed in blank and the Trust is in possession of the Note, they are the holder of the Note with standing to initiate and complete the challenged non-judicial foreclosure. *See* ORS § 71.2010(2)(e) ("bearer" means "a person in possession of a negotiable instrument"); ORS § 73.0205(2) ("When endorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone..."); ORS § 73.0301.

ORDER

As the holder of the Note endorsed in blank, the Trust is also entitled to enforce the Trust Deed. *West v. White*, 307 Or. 296, 300, 768 P.2d 383 (1988) ("Assignment of a note carries with it a security interest because the security is merely an incident to the debt."). It is well settled under Oregon law that a party who holds a note endorsed in blank has the right to enforce the note and that the successor to the original lender becomes the beneficiary of the trust deed. *Nationstar Mortgage, LLC v. Peper*, 278 Or. App. 594, 596, 598, P.3d (2016). An Assignment of Trust Deed was also properly recorded. [#16-5]. Finally, Select Portfolio Servicing, Inc. ("SPS"), which executed the 2014 Appointment, was acting on behalf of the Trust pursuant to a recorded Limited Power of Attorney. [#16-3]. These undisputed facts require plaintiff's 1st and 2nd claims for relief to be **DISMISSED with prejudice** because they fail as a matter of law.

On the remaining issue of the plaintiff's 3rd claim for relief for wrongful foreclosure based on the alleged running of the statute of limitations, the parties seem to agree that this is a case of first impression (whether ORS 88.110 or ORS 12.080 is the controlling state statue in terms of the statute of limitations for non-judicial foreclosures). The plaintiff asserts that the challenged non-judicial foreclosure sale by the defendants is barred by a *six* year statute of limitations found in ORS § 12.080. The defendants claim that the sale is governed instead by ORS § 88.110, which has a *ten* year statute of limitations. I agree with the defendants that ORS § 88.110 is controlling because it was specifically enacted as a mortgage foreclosure statute, and if ORS § 12.080 were applicable, ORS § 88.110 would be superfluous.

ORS Chapter 88 is titled "Foreclosure of Mortgages and Other Liens." Section 88.110 is titled "Duration of real property mortgage lien; when suit for foreclosure barred." Whereas ORS Chapter 12 is titled "Limitations of Actions and Suits" and section 12.080 is titled "Action on certain contracts or liabilities." By the plain language of the statues, it seems clear that ORS §

ORDER

88.110 is the applicable statute because it specifically address foreclosures.  Oregon Courts have also found ORS § 88.110 to be the applicable statute in foreclosure actions.  Although there are nuanced distinctions in the facts of the case, precedent in *Security State Bank v. Luebke* specifically describes ORS § 88.110 as "creat[ing] a conclusive presumption which, in turn, creates a 10-year statute of limitations." *Security State Bank v. Luebke*, 303 Or. 418, 421, 303 P.3d 418 (1987).  Even the Oregon State Bar Association's *Oregon Real Estate Deskbook* §24.3-5(i) (Rev. 2015) lists ORS § 88.110 as the statute of limitations for foreclosures.

Plaintiff's 3rd claim must be dismissed because the general limitations periods in ORS Chapter 12 do not apply where a specific limitation is prescribed by statute.  ORS § 88.110 specifically limits the period for enforcement of a mortgage through a foreclosure action, as opposed to ORS § 12.080, which speaks generally to "actions upon a contract or liability." Therefore plaintiff's 3rd claim for relief is also **DISMISSED with prejudice**.

## CONCLUSION

For these reasons, Defendant US Bank's Motion for Summary Judgment [#24] is **GRANTED** and this action is **DISMISSED with prejudice**.  Defendant NWTS's Motion for Summary Judgment [#25] (joining in US Bank's Motion for Summary Judgment) is also **GRANTED** for the same reasons.

IT IS SO ORDERED.

DATED this 13th day of March, 2017.

**Michael J. McShane**
**United States District Judge**

ORDER